UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL M. GARZA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>TAMMY CAMPBELL, Warden,<br><br>　　　　　　Respondent. | No. 1:23-cv-01723-JLT-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION FOR STAY**<br><br>**[Doc. 38]**<br><br>**[21-DAY OBJECTION DEADLINE]** |

　　　　Petitioner is a state prisoner proceeding *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's motion to stay the proceedings in this action under Rhines v. Weber, 544 U.S. 269, 277 (2005).  For reasons that follow, the Court will recommend that Petitioner's motion for stay be DENIED.

**I.  PROCEDURAL BACKGROUND**

　　　　On January 12, 2018, a Kings County jury found Petitioner guilty of 14 felonies involving molestation of his young daughter over a three-year period. (Doc. 34-47 at 1-6.)  Petitioner was sentenced to an indeterminate prison term of 55 years to life for committing sodomy on a child under 10 years old, and he was sentenced to a determinate term of 127 years and six months for the remaining sex offenses. On January 26, 2023, the California Court of Appeal modified the determinate sentence to 88 years and eight months and affirmed the judgment. (Doc. 34-46.)

　　　　Petitioner then petitioned for review in the California Supreme Court. (Doc. 34-48.)  On

1

April 12, 2023, the California Supreme Court summarily denied review. (Doc. 34-49.) Petitioner filed a habeas petition in the California Court of Appeal on August 16, 2023. (Doc. 34-50.) The petition was denied on October 26, 2023. (Doc. 34-51.)

On December 15, 2023, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1.) Respondent filed an answer on August 19, 2024. (Doc. 35.) The deadline for Petitioner to file a traverse was set for September 18, 2024. (Doc. 30.) Petitioner requested an extension of time to file his traverse. (Doc. 36.) On September 12, 2024, the Court granted Petitioner an extension to and including October 18, 2024, to file a traverse. (Doc. 37.) On October 7, 2024, Petitioner filed a motion requesting a stay and abeyance to exhaust state remedies in lieu of filing a traverse. (Doc. 38.) Respondent failed to file an opposition or statement of non-opposition to the motion.

## II.   DISCUSSION

Petitioner requests that the petition be stayed and held in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). A district court has discretion to stay and allow a petitioner to return to state court to exhaust state remedies. Rhines, 544 U.S. at 277. However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances." Id. at 277. Specifically, the Court said a stay is appropriate only when (1) good cause exists for petitioner's failure to exhaust; (2) petitioner's unexhausted claims are not "plainly meritless" and (3) there is no indication that petitioner engaged in "abusive litigation tactics or intentional delay." Id. at 277-278; Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2005). When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Rhines, 544 U.S. at 278.

The Court does not find good cause for Petitioner's failure to exhaust. Petitioner states he is seeking to introduce evidence that was not presented to the state courts on direct or collateral review because they are new exhibits being introduced to rebut a point or argument that was raised by Respondent for the first time in this habeas action. However, Petitioner does not state

1  what argument or point raised by Respondent merits rebuttal with this new evidence. After
2  reviewing Petitioner's submission, the Court finds little relevance and no value to the evidence.
3  Although Petitioner contends it purports to show actual innocence because he had a viable alibi
4  defense to count 15 (Rape with bodily injury), he does not contest count 15 in any of his grounds
5  for relief, nor did he raise a claim of actual innocence.  To the extent Petitioner now seeks to
6  claim innocence of count 15, the claim is untimely. See 28 U.S.C. § 2241(d)(1).

7       Moreover, the evidence does not show actual innocence or provide an alibi defense. In
8  count 15, Petitioner was convicted of raping his young daughter on or about December 3, 2014.
9  (Doc. 34-1 at 278.) Petitioner's purported alibi evidence reflects that Petitioner was arrested and
10 taken into custody on December 3, 2014, at 11:46 p.m. for alleged spousal abuse. (Doc. 38 at 14.)
11 Petitioner's contention that his arrest fourteen minutes before the end of that day somehow
12 demonstrates he could not have committed the alleged rape in the 23 hours and 46 minutes before
13 his arrest is frivolous.

14      Petitioner contends that the evidence further shows that the children were not home at the
15 relevant time but staying with their grandmother.  The school attendance record, however, shows
16 that the children were absent *the following day* - December 4, 2024 - due to an emergency. (Doc.
17 38 at 21.) The record shows the absence was reported by the mother with a notation of their out-
18 of-town grandmother. (Doc. 38 at 21.) This does not show that the children were not at home on
19 December 3, 2024.  In fact, the evidence shows the opposite as the attendance record reflects the
20 children were *in attendance on December 3, 2024*, and not absent as Petitioner contends. The
21 evidence is therefore consistent with the timeline of events alleged and provides no basis for
22 Petitioner's alleged alibi defense.

23      Second, the evidence is not newly discovered as it was clearly available at the time of
24 trial. Petitioner contends that trial counsel failed to present the evidence as part of an alibi
25 defense, but Petitioner unjustifiably failed to make any such claim until now. The claim could
26 have been presented on direct appeal or via habeas petition prior to filing his federal petition. In
27 any event, as previously discussed, the evidence was immaterial. There is no question defense
28 counsel was not unreasonable in failing to present the evidence in support of an alibi defense.

In summary, Petitioner fails to show good cause for his delay in presenting his claim, and any unexhausted claims of actual innocence or ineffective assistance of counsel based on this evidence are plainly without merit.

**III.   RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that Petitioner's motion for stay be DENIED.  This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **November 7, 2024**          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE