1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11    ANGEL M. GARZA,                              Case No. 1:23-cv-01723 JLT SKO (HC)

12                    Petitioner,                  ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS AND DENYING
13            v.                                   PETITIONERS' MOTION FOR A STAY

14    TAMMY CAMPBELL, Warden,                      (Docs. 38, 39)

15                    Respondent.

16

17            Angel M. Garza is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition

18    for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner requests the petition be stayed

19    and the matter held in abeyance for him to exhaust his state remedies.  (Doc. 38.)  This matter

20    was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

21    Rule 302.

22            The magistrate judge found Petitioner failed to show good cause for his failure to

23    exhaust.  (Doc. 39 at 2.)  In addition, the magistrate judge found that to the extent Petitioner

24    sought to claim actual innocence to Count 15, rape with bodily injury, such a claim was

25    untimely.  (*Id.* at 3[1].)  Further, the magistrate judge reviewed the evidence Petitioner submitted to

26    

27    _____

      [1] The magistrate judge cited 28 U.S.C. § 2241(d)(1) to support the determination that the claim related to count 15
      was untimely.  However, it appears the magistrate judge intended to cite 28 U.S.C. § 2244(d)(1), which provides in
28    relevant part: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
      custody pursuant to the judgment of a State court."

                                                        1

support his claim of actual innocence and to establish an alibi defense, and determined there was

"little relevance and no value to the evidence."  (*Id.* at 3.)  The magistrate judge found:

> [T]he evidence does not show actual innocence or provide an alibi defense. In count 15, Petitioner was convicted of raping his young daughter on or about December 3, 2014. (Doc. 34-1 at 278.) Petitioner's purported alibi evidence reflects that Petitioner was arrested and taken into custody on December 3, 2014, at 11:46 p.m. for alleged spousal abuse. (Doc. 38 at 14.) Petitioner's contention that his arrest fourteen minutes before the end of that day somehow demonstrates he could not have committed the alleged rape in the 23 hours and 46 minutes before his arrest is frivolous.
>
> Petitioner contends that the evidence further shows that the children were not home at the relevant time but staying with their grandmother. The school attendance record, however, shows that the children were absent the following day - December 4, [2014] - due to an emergency. (Doc. 38 at 21.) The record shows the absence was reported by the mother with a notation of their out-of-town grandmother. (Doc. 38 at 21.) This does not show that the children were not at home on December 3, [2014]. In fact, the evidence shows the opposite as the attendance record reflects the children were in attendance on December 3, [2014], and not absent as Petitioner contends. The evidence is therefore consistent with the timeline of events alleged and provides no basis for Petitioner's alleged alibi defense.
>
> Second, the evidence is not newly discovered as it was clearly available at the time of trial. Petitioner contends that trial counsel failed to present the evidence as part of an alibi defense, but Petitioner unjustifiably failed to make any such claim until now. The claim could have been presented on direct appeal or via habeas petition prior to filing his federal petition. In any event, as previously discussed, the evidence was immaterial. There is no question defense counsel was not unreasonable in failing to present the evidence in support of an alibi defense.

(Doc. 39 at 3[2].)  The magistrate judge concluded that "any unexhausted claims of actual

innocence or ineffective assistance of counsel based on this evidence are plainly without merit."

(*Id.* at 4.)  Therefore, the magistrate judge recommended a stay be denied.  (*Id.*)

Petitioner filed timely objections to the Findings and Recommendations, generally re-

asserting the matter should be stayed for him to exhaust his claims and demonstrate his actual

innocence.  (*See generally* Doc. 40 at 1-9.)  As an initial matter, Petitioner contends the

magistrate judge's review of the evidence was premature.  (*Id.* at 3.)  However, the Court is

---

[2] The Findings and Recommendations contained typographical errors, indicating the referenced school records were from 2024. These dates are corrected to 2014.

2

1   required to determine whether the unexhausted claims are "plainly meritless" pursuant to *Rhines*

2   *v. Weber*, 544 U.S. 269, 277-278 (2005).  Consequently, the Court was entitled to review the

3   evidence Petitioner submitted in evaluating whether his assertions have merit.

4          Although Petitioner maintains the children were not home on the date identified, he does

5   not otherwise dispute the magistrate judge's findings related to what the evidence shows—or

6   does not show—such as the school records *not* showing an absence on December 3, 2014.  The

7   school absence on December 4, 2014 does not support a conclusion that the children were not

8   home the night before.  As the magistrate judge found, there is "little relevance and no value" to

9   this submitted evidence.  Moreover, Petitioner does not identify any evidence to show that a

10  claim of actual innocence as to Count 15 is timely under 28 U.S.C. § 2244(d)(1).

11         According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.

12  Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the

13  Findings and Recommendations are supported by the record and proper analysis.  Petitioner does

14  not show good cause for the delay in exhaustion and does not identify evidence to support a

15  conclusion that his unexhausted claims are not "plainly meritless" as required under *Rhines*.

16  Thus, the Court **ORDERS**:

17         1.      The Findings and Recommendations issued on November 7, 2024 (Doc. 39) are

18                 **ADOPTED** in full.

19         2.      Petitioner's motion for stay (Doc. 38) is **DENIED**.

20         3.      Petitioner **SHALL** file a traverse <u>within 30 days</u> from the date of this order.

21         4.      The matter is referred to the magistrate judge for further proceedings.

22

23  IT IS SO ORDERED.

24     Dated:   **December 4, 2024**                    _Jennifer L. Thurston_
                                                        UNITED STATES DISTRICT JUDGE
25

26

27

28